# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HOSTWAY CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 09-cv-151 |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("JPMorgan") motion to dismiss, stay or transfer Plaintiff Hostway Corporation's ("Hostway") complaint [18]. JPMorgan seeks to have Counts II and III of Hostway's complaint dismissed or stayed on the ground that they are compulsory counterclaims under Federal Rule of Civil Procedure 13(a) in JPMorgan's earlier-filed action against Hostway, which currently is pending in the United States District Court for the Southern District of New York (the "New York action"). JPMorgan moves to have Count I dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or, in the alternative, transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, JPMorgan's motion to stay Counts II and III is granted, and JPMorgan's motion to dismiss Count I is granted without prejudice.

## I. Background

On February 2, 2007, Hostway and JPMorgan entered into a written Mutual Nondisclosure Agreement (the "MNA") for the purpose of exploring a business deal that might require the parties to disclose confidential information to one another. Pursuant to the MNA, the parties agreed "not to use the Confidential Information disclosed to it by the other party for its

own use or for any purpose except to carry out discussions concerning the undertaking of any business relationship between the two," and to "take all reasonable steps to * * * prevent [the Confidential Information] from falling into the public domain." The MNA defines "Confidential Information" to include "any proprietary or confidential information * * * provided by the disclosing party in whatever form or media, including that which relates to * * * finances." The MNA's definition of "Confidential Information" expressly excludes information that "prior to or after the time of disclosure becomes part of the public knowledge or literature, not as a result of any inaction or action of the receiving party." The MNA contains a choice of law provision providing that it is governed by the laws of the State of Illinois, as well as a forum selection provision stating that "[t]he federal and state courts within the State of Illinois shall have exclusive jurisdiction to adjudicate any dispute arising out of" the MNA.

Subsequently, on June 1, 2007, Hostway and JPMorgan entered into another contract – the ISDA 2002 Master Agreement (the "ISDA") – in connection with an interest rate swap transaction. Pursuant to the ISDA, Hostway was required to provide JPMorgan with copies of certain financial statements. On July 15, 2008, JPMorgan sent Hostway a letter stating that Hostway had failed to deliver certain required financial statements and reports, and that an event of default under the ISDA would be declared if the documents were not provided within 30 days.

According to Hostway, in response to the July 15, 2008 letter, it informed JPMorgan that Hostway had failed to timely provide the financial statements at issue because its auditors' had not completed their annual audit of Hostway's books and records. Hostway failed to provide the financial statements within 30 days; on August 26, 2008, JPMorgan declared a default of the ISDA, and, based on that default, declared an early termination date of August 26, 2008 for the

ISDA and the related swap transaction. On August 27, 2008, JPMorgan informed Hostway that an Early Termination Amount of $2,349,000 was due under the ISDA.

JPMorgan filed suit against Hostway in New York state court on December 11, 2008, alleging that Hostway breached the ISDA agreement by failing and refusing to pay the Early Termination Amount of $2,349,000. Approximately one month later, on January 9, 2009, Hostway filed its three count complaint in the instant action. Count I of Hostway's complaint alleges that JPMorgan breached the MNA by disclosing Hostway's confidential financial information in the New York complaint. Count II alleges that JPMorgan's early termination of the ISDA and the swap transaction constituted a breach of those agreements, and Count IIII seeks a declaratory judgment to that effect. On January 13, 2009, Hostway removed the New York action to the Southern District of New York on diversity grounds.

JPMorgan moved to dismiss, stay or transfer plaintiff Hostway's complaint [18] on February 19, 2009. JPMorgan moves to dismiss, or, in the alternative, to stay, Counts II and III on the grounds that Hostway's ISDA-related claims are compulsory counterclaims in the New York action under Rule 13(a). The motion seeks dismissal of Count I pursuant to Rule 12(b)(6), or, alternatively, a Section 1404(a) transfer to the Southern District of New York.

## II.     Motion to Dismiss or Stay Counts II and III

Federal Rule of Civil Procedure 13(a) provides that "[a] pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). Under Rule 13(a), a party is barred by the doctrine of *res judicata* from bringing a claim that it should have brought as a compulsory

counterclaim in a prior action. See *Inforizons, Inc. v. VED Software Services, Inc.*, 204 F.R.D. 116, 118 (N.D. Ill. 2001) (Rule 13(a) "requirement operates under the doctrine of *res judicata*"); *New SVE, Inc. v. UAV Corp.*, 2003 WL 1826127, at *1 (N.D. Ill. April 8, 2003) (same).

Rule 13(a) does not, by its terms, bar a party from asserting a claim in an independent action that it could have brought as a compulsory counterclaim in a pending action (*i.e.*, where *res judicata* has not yet attached). *Inforizons*, 204 F.R.D. at 118. However, as numerous courts in this district have recognized, where a court is faced with an action involving a claim that is properly characterized as a compulsory counterclaim in action pending in another federal court, in the interests of judicial administration, the court generally will stay or dismiss the proceedings before it. *Id.* (staying proceedings pending disposition of prior-filed litigation in another federal court, where the claims before the court were compulsory counterclaims in the other litigation). See also *Kim v. Sara Lee Bakery Group, Inc.*, 412 F. Supp. 2d 929, 935 (N.D. Ill. 2006) (granting motion to dismiss second filed action on the ground that it asserted compulsory counterclaims to a pending action); *CIVIX-DDI, LLC v. Expedia, Inc.*, 2005 WL 1126906, at *3 (N.D. Ill. May 2, 2005) (same); *New SVE, Inc.*, 2003 WL 1826127, at *1; *Galileo Int'l P'ship v. Global Vill. Communication Inc.*, 1996 WL 452273, at *2 (N.D. Ill. Aug. 8, 1996). See also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1418 (2009) ("Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action").

Under Rule 13(a), to be a compulsory counterclaim, a claim must arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. In the Seventh Circuit, the standard for deciding whether two claims arise out of the "same transaction" for

purposes of Rule 13(a) is the "logical relationship" test. *In re Price,* 42 F.3d 1068, 1073 (7th Cir. 1994) (citing *Burlington N. R.R. v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990)). To determine whether claims are logically related, "[a] court should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Burlington*, 907 F.2d at 711. The Seventh Circuit has instructed courts to interpret the language of Rule 13(a) "liberally in order to further the general policies of the federal rules and carry out the philosophy of Rule 13(a)" – namely, "prevent[ing] multiplicity of actions and * * * achiev[ing] resolution in a single lawsuit of all disputes arising out of common matters." *Warshawsky & Co. v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977).

Here, there can be no dispute that the breach of ISDA claims asserted in Counts II and III are logically related to, and arise out of the same transaction and occurrence as, JPMorgan's breach of ISDA claims now pending in the Southern District of New York. Each party claims that the other party's conduct amounted to a breach of the ISDA agreement. Thus, both actions involve identical facts, law, and evidence.

Indeed, even Hostway does not argue that the claims are unrelated. Rather, Hostway contends that Rule 13(a) is inapplicable here because Hostway filed the instant suit before the New York action was removed to federal court. According to Hostway, pursuant to Rule 81(c)(1) of the Federal Rules of Civil Procedure, the Federal Rules (including Rule 13(a)), apply only *after* a civil action is removed from state court. Hostway thus argues that its claims were not compulsory counterclaims when it filed this suit because the New York action had not yet been removed, and thus Rule 13(a) did not apply.

5

Rule 13(a) requires a pleading to include as a counterclaim any claim that the pleader has against an opposing party *at the time the pleading is served*. Fed. R. Civ. P. 13(a). Therefore, the pertinent inquiry is whether Rule 13(a) applied at the time that Hostway served its answer in the New York action, not whether it applied when Hostway filed this action, as Hostway contends. Hostway answered JPMorgan's New York complaint on January 21, 2009, after the New York action was removed to federal court. Therefore, Rule 13(a) applied at the time that Hostway filed its answer, and required Hostway to assert any compulsory counterclaims in that answer, subject to the exceptions to Rule 13.

The one potentially applicable exception provides that a counterclaim is not compulsory in a given action if, "when the action was commenced, the claim was the subject of another pending action." Fed. R. Civ. P. 13(a)(2)(A). Although Hostway has not explicitly advanced this position, it could be argued that Hostway's ISDA claims were the subject of another pending action (this one) when the New York action was removed, and thus those claims are excepted from the compulsory counterclaim rule if the New York action was "commenced" as of the date of the removal.

A federal district court in Pennsylvania rejected this argument in a factually analogous case. *Abbott v. Neal*, 1991 WL 42409 (E.D. Pa. March 26, 1991). Here, as in *Abbott*, whether the "pending action" exception applies turns on "when a removed action should be deemed 'commenced' for purposes of Rule 13(a)." *Id.* at *2. If the New York action is deemed "commenced," for Rule 13(a) purposes, when it was filed in New York state court, then Hostway's claims are compulsory counterclaims because they were not pending in this court at that time. However, if the New York action was not "commenced" until it was removed to

6

federal court, at which time Hostway's claims were already pending in this court, then Hostway's claims cannot be considered compulsory counterclaims.

The *Abbott* court concluded, under nearly identical circumstances, that a removed action should be deemed to have commenced at the time the state court action was initiated. *Abbott*, 1991 WL 42409, at *2. As the *Abbott* court noted, that construction prevents a defendant from defeating a plaintiff's choice of forum simply by filing a separate federal action prior to removal. *Id.* Moreover, treating Hostway's claims as compulsory counterclaims promotes Rule 13(a)'s goal – judicial economy – and consequently is consistent with this Court's duty to interpret Rule 13(a) liberally to advance the purpose of the compulsory counterclaim requirement. *Warshawsky*, 552 F.2d at 1261. For those reasons, the Court concludes that the New York action was commenced, for purposes of Rule 13, when JPMorgan filed suit against Hostway in New York state court, such that Counts II and III assert claims that are compulsory counterclaims in the New York action.[1]

This Court has "the power to prevent the duplication of litigation" by staying or dismissing Counts II and III. *Asset Allocation and Management Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 572 (7th Cir. 1989). The Seventh Circuit has advised that this power "be exercised with due regard for the balance of convenience in litigating the parties' disputes in one forum rather than another." *Id.* 572-73. And courts in this district have held that an action

---

[1] It appears that only a handful of district courts have addressed this issue, with differing results. See *Donnkenny, Inc. v. Nadler*, 544 F.Supp. 166, 170 (D.C.N.Y. 1982) (granting motion to stay case asserting compulsory counterclaims in earlier filed action, despite the fact that the first action was initially filed in state court and removed after second case was filed); *Ultronic Systems Corp. v. Ultronix, Inc.*, 217 F.Supp. 89 (D.C. Del. 1963) (same); *Hall v. Kieffer*, 19 F.R.D. 85, 86 (D.N.D. Mar. 26, 1956) (holding that Rule 13(a) did not apply where plaintiff filed federal court action before defendant's earlier-filed state court action arising out of the same occurrence was removed); *Hemmerich Ind., Inc. v. Courtland Manu. Co., Inc.*, 1988 WL 48574, *1 (E.D. Pa. May 13, 1988) ("Rule 13(a) does not require that opposing claims arising from the same transaction or occurrence be asserted in one action commenced first in state court and removed to federal court after the adverse party has commenced a later, separate action in federal court").

asserting claims that are compulsory counterclaims in another pending federal action should not be dismissed or stayed "where there is a clear showing that the balance of convenience or other special circumstances gives priority to the second forum." *Galileo*, 1996 WL 452273, at *2; see also *New SVE*, 2003 WL 1826127, at *1 ("assuming * * * claims in this court are compulsory counterclaims, this court should dismiss or stay this action unless there is a clear showing that the balance of convenience or other special circumstances favor this forum"). Thus, the Court must consider whether Hostway has made such a showing in favor of litigating Counts II and III in this forum.

With respect to the convenience of the parties, Hostway concedes that, pursuant to the ISDA agreement, it expressly consented to jurisdiction in the District Court for the Southern District of New York and agreed to waive its objections to venue there. [22, 2]. By agreeing to a permissive forum selection clause "accompanied by an express waiver of objections to inconvenience," Hostway waived the right to assert its own inconvenience.[2] *Aramark Management Services Ltd. Partnership v. Martha's Vineyard Hosp., Inc*., 2003 WL 21476091, at *3 (N.D. Ill. June 23, 2003) (citing *AAR Intern., Inc. v. Nimelias Enterprises S.A.,* 250 F.3d 510, 525-26 (7th Cir. 2001)). Therefore, the Court need not consider any inconvenience to Hostway of litigating in New York, including the location of party witnesses.

It appears that potential third party witnesses are located in both the Chicago area and the New York area. Hostway identifies three non-party witnesses that it plans to call at trial, all of whom reside in the Chicago area. JPMorgan identifies one potentially key witness who resides

---

[2] The forum selection clause in the ISDA provides: "[w]ith respect to any suit, action or proceedings relating to any dispute arising out of or in connection with this Agreement ("Proceedings"), each party irrevocably * * * submits * * * to the non-exclusive jurisdiction of the courts of the State of New York and the United States District Court located in the Borough of Manhattan in New York City, * * * [and] waives any claim that such Proceedings have been brought in an inconvenient forum." Ex. A to [19] at 20.

8

in Greenwich, CT. While the convenience to third party witnesses may tilt slightly in favor of this forum, it does not demonstrate that Illinois is clearly a more convenient forum than New York.

The ISDA is governed by New York law. Because the "interest[s] of justice" include "having a judge who is familiar with the applicable law try the case," this factor favors the Southern District of New York as the appropriate forum. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

In light of the factors discussed above, the Court finds that Hostway has failed to offer any compelling reason why the ISDA claims should be litigated here. Therefore, Counts II and III will be stayed.[3]

## III. Motion to Dismiss or Transfer Count I

In Count I, Hostway alleges that JPMorgan included Hostway's confidential financial information in its New York complaint in breach of the MNA. JPMorgan moves to dismiss Count I for failure to state a claim, or, in the alternative, to transfer it to the Southern District of New York.

### A. Legal Standard on Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d

---

[3] The Seventh Circuit has advised that duplicative litigation should be "stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests." *Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.,* 203 F.3d 442, 444 (7th Cir. 2000). Here, dismissal could create an unwarranted risk of legal prejudice to Hostway if JPMorgan later dismisses the New York action and Hostway cannot refile because its claims are barred by the applicable statute of limitations. See *Inforizons*, 204 F.R.D. at 120; *Asset Allocation and Management Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 571 (7th Cir. 1989) (disapproving of the practice of dismissing, rather than staying, duplicative actions because of the "statute of limitations problems that this mode of disposition * * * can create"). Therefore, the Court declines to dismiss Counts II and III.

9

1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

On a Rule 12(b)(6) motion to dismiss, the Court generally must confine its inquiry to the factual allegations set forth within the four corners of the operative complaint. See *Rosenblum v. Travelbyus.com*, 299 F.3d 657, 661 (7th Cir. 2002). In the usual case, therefore, if a party moving for a 12(b)(6) dismissal submits documents with its motion to dismiss, the Court either must ignore the documents or convert the motion to one for summary judgment. See Fed. R. Civ. Pro. 12(b); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). However, in the Seventh Circuit, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings," and may be considered on a motion to dismiss, "if they are referred to in the plaintiff's complaint and are central to her claim." *Venture*, 987 F.2d at 431. Documents that fall within this "narrow" exception must be "concededly authentic." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Under the exception, the Seventh Circuit

has, on several occasions, affirmed the district court's consideration of extraneous materials not attached to a complaint where a claim arises from a contract or other written agreement between the parties. See *Venture*, 987 F.2d at 431-32; *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Here, the MNA is at the heart of Count I, and Hostway has not contested the attachment of the MNA to JPMorgan's motion or challenged its authenticity. For these reasons, the Court considers the MNA at this stage of the case.

In addition, "[i]n ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment." *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000). Therefore, the Court may consider documents filed in the New York action, which are matters of public record.

**B.     Discussion of Motion to Dismiss Count I**

JPMorgan asserts three grounds for dismissal: (1) that Hostway republished the allegedly confidential information in filing its removal papers, thereby eliminating any protection it had under the MNA and removing the basis for the injunctive relief that Hostway seeks in Count I; (2) the MNA is not a binding contract because it was not signed by Hostway; and (3) the MNA does not govern the disclosure of the financial information at issue because that information was produced pursuant to the ISDA, which contains a merger clause that bars any action under the MNA. Because the Court finds that dismissal is warranted based on Hostway's republication of the allegedly confidential information, it will not address the other two grounds JPMorgan advances for dismissal.

JPMorgan argues that even if it did disclose confidential information in violation of the MNA, the information at issue subsequently lost its status as "confidential information" under the MNA when Hostway itself made the information publically available. The MNA excludes

from the definition of "Confidential Information" any information that "prior to or after the time of disclosure becomes part of the public knowledge or literature, not as a result of any inaction or action of the receiving party." JPMorgan notes that its state court complaint (containing the allegedly confidential information) was filed by Hostway with its removal papers in New York. See Ex. 5 to [19], Hostway's notice of removal at ¶ 9 ("attached hereto as Exhibit A is a copy of all process, pleadings and orders served on Hostway Corporation in the State Court Action").[4] As JPMorgan further observes, Hostway neither sought to have the complaint sealed in state court prior to removing the action, nor requested leave to file the complaint under seal in federal court. By failing to avail itself of those measures, Hostway made the information "part of the public knowledge or literature, not as a result of any inaction or action of" JPMorgan.[5] Consequently, that information lost any protection that it may have had under the MNA when Hostway made it publicly available in the court papers that it filed to remove the case to federal court.

By failing to address JPMorgan's republication argument in its response brief, Hostway has at least tacitly conceded the point. Nevertheless, the Court has considered the possibility that Hostway conceivably could be entitled to relief for any damages incurred between December 11, 2008, when JPMorgan filed its state court complaint, and January 13, 2009, when Hostway itself published the confidential information. But Count I does not contain a prayer for damages.[6] Rather, in Count I, Hostway seeks an injunction ordering JPMorgan to "retract and remove its

---

[4] As noted above, this Court may take judicial notice of matters of public record, such as Hostway's notice of removal.

[5] With respect to Hostway's allegedly confidential information, JPMorgan is the "receiving party."

[6] Hostway does allege that "money damages alone cannot fully and completely compensate" it for the harm sustained as a result of JPMorgan's alleged disclosure of confidential information (Cmplt. at ¶ 34), but Hostway does not seek money damages in Count I.

12

unlawful disclosure of the confidential information concerning Hostway's financial condition and finances." Cmplt. at ¶ 35. Hostway's actions have rendered its requested relief impossible to obtain. JPMorgan cannot retract its state court complaint because Hostway removed the action to federal court, thereby divesting the state court of jurisdiction. Accordingly, Count I is dismissed. However, the dismissal is without prejudice. If Hostway believes that it can sustain a claim for damages for the period between December 11, 2008 and January 13, 2009 based on JPMorgan's alleged breach of the MNA, it may seek leave to file an amended complaint.

## IV. Conclusion

For the foregoing reasons, Counts II and III are stayed pending the resolution of the New York action, and Count I is dismissed without prejudice.

Dated: August 24, 2009

_____
Robert M. Dow, Jr.
United States District Judge